IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. DNCW3:05CR277-28 |
| ) | (Financial Litigation Unit) |
| DONALD P. FONTENOT, JR., ) | |
| ) | |
| and ) | |
| ) | |
| CHARLOTTE MOTOR SPEEDWAY LLC, ) | |
| Garnishee. ) | |
| _____) | |

## ORDER OF CONTINUING GARNISHMENT

**THIS MATTER** is before the Court on the Answer of Charlotte Motor Speedway LLC as Garnishee. On August 23, 2006, the Honorable Lacy H. Thornburg sentenced Defendant to one year probation for his conviction of Conspiracy to Defraud the United States in violation of 18 U.S.C. §§ 371 & 1349. Judgment in the criminal case was filed on September 11, 2006 (Docket No. 533). As part of that Judgment, Defendant was ordered to pay an assessment of $100 and restitution of $7,788.09 to the victims of the crime. *Id*.

On July 3, 2012, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 702) to Garnishee[1], Charlotte Motor Speedway LLC ("Garnishee"). The United States is entitled to a wage garnishment of up to 25% of net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673. Defendant was served with the Writ on July 5, 2012. Garnishee was served with the Writ on July 6, 2012. Garnishee filed an Answer on July 9, 2012 (Docket No. 707) stating that at the time of the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt disposable earnings. The Answer of Garnishee

---

[1] Garnishee was incorrectly identified in the July 3, 2012 Writ of Continuing Garnishment as Speedway Systems LLC.

further stated that Defendant's wages are currently being garnished for delinquent North Carolina State income taxes. The North Carolina State tax garnishment is for 10% of Defendant's gross wages per pay period.

State and federal tax garnishments are not subject to the same percentage limitations as other types of garnishments. *See* 15 U.S.C. § 1673.

As the North Carolina State tax garnishment is 10% of Defendant's gross earnings, the United States requests that 15% of Defendant's net earnings which remain after all deductions required by law have been withheld, and 100% of all 1099 payments, be applied to the United States' garnishment, and that the United States' garnishment take immediate effect.

IT IS THEREFORE ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $6,715.89 computed through June 28, 2012. Garnishee will pay the United States 15% of Defendant's net earnings which remain after all deductions required by law have been withheld and after the existing North Carolina State tax garnishment has been applied, and 100% of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further Order of this Court.

IT IS FURTHER ORDERED that upon full satisfaction of Defendant's delinquent North Carolina State income tax debt and termination of the North Carolina State tax garnishment, the Garnishee will pay the United States 25% of Defendant's net earnings which remain after all deductions required by law have been withheld, and 100% of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, NC 28202. In order to ensure that each payment is credited properly, the following information should be included on each check: Court Number DNCW3:05CR277-28.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: August 30, 2012

David C. Keesler
United States Magistrate Judge